# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM CHARLES PARKER,**

      **Petitioner,**

**v.**                                          **Civil Action No. 3:07cv35**
                                                 **(Judge Stamp)**

**JOYCE FRANCIS,**

      **Respondent.**

## PRELIMINARY REVIEW AND REPORT AND RECOMMENDATION
## RECOMMENDING DISMISSAL OF THE PETITION

On March 20, 2007, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. This case is before the Court for an initial review and report and recommendation pursuant to LR PL P 83.09, et seq.

## I. The Petition

In the petition, Petitioner asserts that he pled guilty to distributing five or more grams of cocaine base in the United States District Court for the West District of Michigan. Petitioner was sentenced to term of imprisonment of 70 months on November 30, 2005. Petitioner did not file a direct appeal, nor has he filed a motion to vacate his sentence under 28 U.S.C. § 2255.

As grounds for his petition, Petitioner asserts that the Bureau of Prisons ("BOP") is unlawfully violating his due process rights by making judicial findings of guilt to calculate his security designation and custody classification. Petitioner further asserts that such unlawful conduct affects his ability to be housed in lesser security institutions and to participate in pre-release programs, BOP special program and/or institutional work programs. As a result, Petitioner seeks a writ of habeas corpus directing the Warden to correct his custody score.

## II.  Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed.  See 28 U.S.C. § 2241.  More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, Petitioner does not attack the execution of his sentence.  Instead, Petitioner seeks an order directing the BOP to calculate his security and custody classifications in such a way that affects various conditions of his confinement.  Clearly, Petitioner's claims should have been raised pursuant to a civil rights complaint.  Id. (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life).  Because a petition for writ of habeas corpus under 28 U.S.C. § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## III.  Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be DENIED and DISMISSED without prejudice to Petitioner's right to refile his claims in a civil rights action.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S.

140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

    The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

    DATED: March 21, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE